IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDE ESPINOZA,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER KELLOGG, et al.,<br><br>    Defendants. | No. C 12-05414 YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT THEIR MOTION TO STAY DISCOVERY; AND DIRECTING THEM TO FILE A MOTION FOR SUMMARY JUDGMENT** |

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* has been granted.

Before the Court are Plaintiff's motion for appointment of counsel, Defendants' motion to dismiss on grounds that Plaintiff has failed to state claims for relief, and their motion to stay discovery pending the resolution of the motion to dismiss.

**I.     Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Court may ask counsel to represent an indigent litigant under section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a

decision on a request for counsel under section 1915. *Id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Because Plaintiff has adequately presented his claims, there are no exceptional circumstances presented requiring appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel (Docket No. 10) is DENIED.

## II. Defendants' Motion to Dismiss

Defendants' motion to dismiss on grounds that Plaintiff has failed to state claims for relief (Docket No. 14) is DENIED. Plaintiff's allegations, when liberally construed, appear to state claims for relief. Defendants' grounds for dismissal are more properly raised in a motion for summary judgment. Accordingly, the parties shall abide by the briefing schedule outlined below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for appointment of counsel (Docket No. 10) is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their motion for summary judgment. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' motion for summary judgment has been filed. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to represent Plaintiff *pro bono*.

2. Defendants' motion to dismiss on grounds that Plaintiff has failed to state claims for relief (Docket No. 14) is DENIED. The following briefing schedule shall govern motions for summary judgment in this action:

   a. Defendants shall file a motion for summary judgment within **ninety (90) days** from the date this Order is filed. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.

Defendants are reminded that a motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.    Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted,

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

3

your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

  c. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Because the Court has denied Defendants' motion to dismiss above, their motion to stay discovery (Docket No. 15) pending the resolution of the motion to dismiss is DENIED as moot.

4. This Order terminates Docket Nos. 10, 14 and 15.

IT IS SO ORDERED.

DATED: February 28, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**